RAYMOND H. STEVENS *vs.* MERTON L. CHASE.

Kennebec County. Decided April 5, 1921. Soon after haying time in 1919, the defendant went to plaintiff's Fairfield farm seeking to buy hay. Declining to meet plaintiff's asking price he went away. A later conversation, on meeting in the highway, did not result in making a trade. In October, at the plaintiff's place, they entered into an oral contract concerning the subject, defendant paying as earnest the sum of $150.00. Now they are in disagreement regarding the terms of the agreement which they made. Plaintiff says it was agreed that he was to sell and the defendant to buy all the hay in a certain barn, excepting that contained in a specified mow, at the price of $16.00 a ton plus the benefit of advance in the market price, if any there should be, to the time of delivery during the winter on board railroad cars at Hoxie's siding; he to make delivery there after defendant had pressed the hay. Defendant's version is that he promised to pay $16.00 a ton, and no more, for all the hay in the barn; he to press it and the plaintiff thereafter to make delivery on the cars. Plaintiff further says that, in his absence from home one day in January, some of the excepted hay was pressed. This he retook for himself. The rest of that pressed, amounting to slightly more than thirty tons, was delivered in February; four hundred and fifty dollars in all having been previously paid on account of the purchase price.

Plaintiff sued on the contract as he claims it was made. Following a keenly contested trial, in which veracity became a determining

element, the jury awarded plaintiff damages in the sum of $301.00, which verdict the defendant moves by usual form motion to set aside.

The verdict is not palpably wrong. It may be a bit close on the facts in spots, but it is far from being obviously erroneous. Standing out in significant prominence in the testimony is the answer of the defendant as a witness, that, when the plaintiff, just before delivering the hay, inquired of him, over the telephone, as to whether he stood ready to pay the additional amount of the market advance, he instantly replied, "I aint said I aint going to."

Defendant has exceptions to refusal of the Judge to charge, in substance, (1) that if the jury found that plaintiff sold defendant all the hay that was pressed, then and in such event plaintiff would not be entitled to recover in the absence of proof of full performance on his part, or some sufficient reason for the want of it, (2) that a finding of the contract to be as defendant claimed would preclude recovery in the instant suit.

The Judge already had given equivalent instructions. Even had he not, the requested instructions were predicated upon findings of fact, against the existence of both of which it is plain, from the verdict, that the jury must have found. No injustice has resulted from the refusal to rule. Motion for new trial overruled. Exceptions overruled. *Carroll N. Perkins*, for plaintiff. *Percy A. Smith*, for defendant.